By the Court.—Sedgwick, Ch. J.
I do not preceive that the plaintiffs have shown that they have suffered damage from the alleged false representations by the defendant.
The plaintiff and the defendant made an agreement for the purchase, by the former from the latter, of two thirds of a mill and its fixtures, and the real estate on which it stood, at Appalachicola in Florida. ■ One condition of the agreement was that Naylor having furnished a list of the property and machinery, which list was attached to the agreement, all the property stated on said list shall “be found there when said Kilpatrick and Scwenk, or one of them, shall visit the mill, and if not so found they shall be free to withdraw from this agreement should they so determine.”
The list contained the following particulars: “These *60 saw mills have an extensive water front of some 2,000 feet immediately on Turtle Harbor with wharf, etc.” It is clear that the property intended by the agreement to be conveyed included this water-front and wharf.
When the agreement was made, Naylor, the defendant, had already, as all parties understood, conveyed to a manufacturing corporation, funned under the laws of this state, the title to the property that was intended by the agreement, and practically the plaintiffs were to get, not the land itself, but two thirds of the shares of the stock of the company. Naylor was at the time the owner of the shares he would transfer. Really the company and Naylor were one. There was therefore, an implied warranty by Naylor that he had title, legal or equitable to the water-front, or that the company had such title.
It is claimed that Naylor induced the plaintiffs to confirm the agreement and pay certain moneys under it, by representing that, in fact, he or the company had the title, to the water-front and the wharf upon it.
The conveyance by Naylor to the company contained his covenant of warranty.
At the time of the agreement the company, or Naylor, for himself, or for them, was in actual possession of the water-front referred to, and of the wharf thereon, and down to the time of the action, the only change made in the possession was that the plaintiff entered into actual possession and for the company. It is to be presumed that Naylor before his conveyance to the company was in actual possession claiming title. The presumption from possession is that the legal title is in the possessor.
The conveyance by Naylor to the company contained a description of premises by distance of chains and links, in direction by the points of the compass, and degrees from and to monuments, which were not explained on the trial. There was no proof, and the description unexplained does not show, that the land in dispute was not embraced in the lines of the deed. The fair inference is that the com: *61 pany or the parties went into actual possession of whac the conveyance under which they claimed, described.
The claim of plaintiff was that damage accrued from the company not, in fact, covering the two thousand feet of water-front and the wharf. The only tes timony on this poin t that had any substance, was to the fact that about nine .months after the consummation of the agreement, the defendant took a conveyance from third parties of certain land which embraced the site of the wharf in possession of the company, and extended an undefined distance beyond. On the evidence, if this did not make two thousand feet of water-front, it at least was enough, if owned by the company, to make the property as valuable as it would have been according to plaintiffs’ position, if defendant’s representations were true. There was no effort to show what damage there would have been, if from the first the company had owned the land in the'conveyance to Naylor that has been last referred to.
The plaintiff claimed upon the trial, and upon the argument of the appeal, that Naylor paid for the land with money belonging to the company, or of the plaintiff, he being at the time an agent of the company.
In my opinion, the facts show that under the implied warranty of title in the agreement, and the express warranty in the conveyance to the company, upon the land being conveyed to Naylor, the company became by estoppel, if not the owner of the legal title, at least the equitable owner. And that under the common law, which it is presumed controls in Florida, the consideration of the last conveyance by Naylor having been paid by him with the moneys of the company or plaintiffs, made him trustee for the one whose money was paid, or owner of the legal title for their use.
It is true that Naylor is proved to have said that he had conveyed the property to a third person. In that case, however, that third person could not have been a bona fide purchaser having any power to affect the equitable rights of the company, because the possession of the company *62 was notice that it claimed the property, and the purchaser took subject to their notice.
If the company had an equitable title, but not a legal title, there was no proof of the amount of damages the plaintiff sustained, from the "company not having the legal title.
1 am also of opinion, that the plaintiff did not give any testimony that tended to show that the defendant knew that the representation charged against him was false at the time he made it. ' The complaint does not charge, nor does the testimony admit of such a charge, that the representation was that the defendant knew or had personal knowledge of the existence of the thing represented. The representation went no farther than as concerned the existence of the fact.
The agreement was drawn and executed in New York. One of the plaintiffs testified that he at that time said to plaintiff, that he would not take his statement, that the defendant was an entire stranger to him, and he would not make a contract in reliance upon his statement and therefore the proposition was made in the written contract, that one of the plaintiffs was to go to Florida to examine the property. The plaintiff referred to afterwards went to Florida and examined the property. It was in fact, including the water front, in possession and use of the company. The plaintiff testified that the defendant took him down on the dock and pointed out what he said was the water-front and the line between the town of Appalachicola and the mill property, which ran to the line of the town, a little creek, which was about 800 feet south of the mill. If this, as it is claimed for plaintiffs, should be deemed testimony that the defendant represented, that the wharf and adjoining land as far as the creek, belonged to the company, and that the creek was the boundary of the city of Appalachicola, there was no testimony that the' defendant knew or believed it to be otherwise. He took the deed in September, 1881, after the transaction in November, 1880, but the testimony showed that this was prompted by information *63 he gained not earlier than June, 1881, when third parties made a survey of adjoining premises. There was no proof that he had knowledge of the actual facts as to the legal title, or that the creek was not.the boundary of the city. There was not proof even, that the land in actual possession, was not the land described in the conveyance to him. For all the testimony shows, he may have been in the same predicament before the conveyance to the company, that the plaintiffs were in after the agreement was made.
I am of the opinion that the judgment should be affirmed with costs.
Truax and O’Gorman, JJ., concurred.